**FILED**

AUG 2 4 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAVID CURTIS PRESIDENT, )<br>)<br>Defendant. ) | No. S1 4:19 CR 693 SNLJ |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

**1.    PARTIES:**

The parties are the defendant, represented by counsel and the United States of America represented by the Office of the United States Attorney for the Eastern District of Missouri.  This agreement does not bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri.  The Court is neither a party to nor bound by this agreement pursuant to Rule 11(c)(1)(A) and (B).

**2.    GUILTY PLEA:**

**A.    The Plea:**

Pursuant to Rule 11(c)(1)(A) and (B), of the Federal Rules of Criminal Procedure, in exchange for the Defendant's voluntary plea of guilty to the Superseding Information, the United States agrees that no further federal prosecution will be brought in this District relative to Defendant's violations of federal law, known to the United States at this time, arising out of the events set forth in the Superseding Information.

1 

**B.     The Sentence:**

The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. In addition, pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, under the unique circumstances of this case and in exchange for the United States' agreement not to pursue additional charges arising out of the events set forth in the Superseding Information, the parties agree and respectfully recommend that Defendant be sentenced to a term of imprisonment of 18 years. **The parties recommend that Defendant be sentenced to concurrent term of 3 years imprisonment as to Counts One and Three. The parties recommend that Defendant be sentenced to a consecutive term of 5 years imprisonment as to Count Two, and another consecutive term of imprisonment of 10 years as to Count 4. Defendant is fully aware this means the aggregate sentence that the parties are recommending is 18 years imprisonment.**

**3.     ELEMENTS:**

**A.     Count One:** As to Count One, the Defendant admits to knowingly violating Title 18, United States Code, Sections 2119, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

> **(i)**     The Defendant took a 2007 Buick Lucerne from the person or presence of another;
>
> **(ii)**    The Defendant did so by means of force, violence, or intimidation;
>
> **(iii)**   At or during the time the Defendant took the aforementioned 2007 Buick Lucerne he intended to cause death or serious bodily injury.

**C.     Count Two:** As to Count Two, the Defendant admits to knowingly violating Title 18, United States Code, Sections 924(c), and admits there is a factual basis for the plea and

2



further fully understands that the elements of the crime are as follows:

      **(i)**    The Defendant committed the crime of armed carjacking as set forth in Count One of the Superseding Information; and

      **(ii)**    The Defendant knowingly possessed a firearm in furtherance of that crime.

    **B.**    <u>**Count Three**</u>: As to Count Three, the Defendant admits to knowingly violating Title 18, United States Code, Sections 2119, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

      **(i)**    The Defendant, acting with another, took a 2017 Nissan Altima from the person or presence of another;

      **(ii)**    The Defendant did so by means of force, violence, or intimidation;

      **(iii)**    At or during the time the Defendant took the aforementioned 2017 Nissan Altima, he intentionally caused death or serious bodily injury to one or more persons.

    **D.**    <u>**Count Four**</u>: As to Count Four, the Defendant admits to knowingly violating Title 18, United States Code, Sections 924(c), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

      **(i)**    The Defendant committed the crime of armed carjacking as set forth in Count Three of the Superseding Information; and

      **(ii)**    The Defendant knowingly possessed, brandished, and discharged a firearm in furtherance of that crime.

**4.**    <u>**FACTS:**</u>

The parties agree that the facts in this case are as follows, that they took place in the

3



County of St. Louis within the Eastern District of Missouri and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. Further, at all times relevant to each count in the Superseding Information, the below 2007 Buick Lucerne and the 2017 Nissan Altima (Motor Vehicles) were manufactured outside of the state of Missouri, therefore travelled in interstate commerce prior to the year 2019; additionally, the firearm possessed, brandished, and/or discharged by Defendant in each of the below carjackings was a firearm as defined by Title 18, United States Code, Section 921(a)(3) – in that the firearm possessed, brandished, and/or discharged by Defendant in each of the below carjackings could expel a projectile by the action of an explosive.

These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On June 28, 2019, RL drove his 2007 Buick Lucerne (Motor Vehicle) to 11103 Riaza Square smoking his vape pen when the Defendant and another individual walked past his car then circled around. The Defendant pointed a firearm at RL. Defendant cycled the action of the firearm, pointed the firearm at RL, and demanded that RL exit his car. After RL exited the car, the Defendant and the other individual entered RL's 2007 Buick Lucerne and drove off. Among other items in the stolen car was the victim's 9mm Taurus firearm. RL's motor vehicle was recovered the next day a short distance away. Defendant admits that he intended to cause death or serious bodily injury, if necessary, to steal the 2007 Buick Lucerne, and possessed and brandished a firearm in furtherance thereof.

On July 4, 2019, members of the St. Louis County Police Department were called to the Citi Trends clothing store on West Florissant to follow up on a previous call of the theft of a firearm from a customer from the store which occurred on June 27, 2019. The Defendant was identified as the person who stole the firearm from the customer. Defendant was arrested for that



4

crime. Following his arrest, the officers searched the vehicle in which defendant had arrived and recovered the 9mm Taurus that was in the 2007 Buick Lucerne that Defendant previously had carjacked on June 28th, 2019, as described above.   RL identified the defendant as the individual who pointed a firearm at him and stole his 2007 Buick Lucerne motor vehicle.

On July 29, 2019, CW and SD were in SD's 2017 Nissan Altima (Motor Vehicle) at a gas station near Fenton, Missouri when the Defendant approached them and asked for a ride.   He entered their motor vehicle and they drove him to the Petro Mart parking lot located on Gravois Bluffs Blvd.   While driving to the Petro Mart, the Defendant borrowed SD's phone and made a call.   Upon arriving at the Petro Mart, a car pulled directly in front of the 2017 Nissan Altima. The Defendant produced a firearm and demanded SD's motor vehicle and its contents.   All the occupants exited SD's motor vehicle (2017 Nissan Altima) and the Defendant began to chase CW around the Altima.   The Defendant pointed his firearm at SD and CW and intentionally shot both of them, causing serious bodily injury to both SD and CW.   He then entered their car (2017 Nissan Altima) and drove off.   Shortly thereafter, Defendant was spotted driving SD's 2017 Nissan Altima nearby on Highway 30 and the police pursued it until the defendant abandoned it and ran into the woods.   On July 29, 2019, SD was shown a photo spread which included the Defendant and was able to identify the defendant as the person that shot her and CW. Defendant admits that he intended to cause death or serious bodily injury to CW and SD when he intentionally shot both of them in order to steal the above 2017 Nissan Altima.

5.   **STATUTORY PENALTIES**:

A.   **Statutory Penalties**:   The Defendant fully understands that the maximum possible penalties provided by law for the crimes to which the Defendant is pleading guilty are:

(i)   **Count One**:   imprisonment of not more than fifteen years, a fine of not



5

more than $250,000, or both such imprisonment and fine. The Court also may impose a period of supervised release of not more than three years.

(ii)   **Count Two:** imprisonment of not less than five (5) years, but not more than life, consecutive to any other sentence imposed; a fine of not more than $250,000; or both such imprisonment and fine. The Court also may impose a period of supervised release of not more than five years. **The Defendant fully understands that the crime to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of five years consecutive to any other sentence imposed.**

(iii)   **Count Three:** imprisonment of not more than twenty-five (25) years, a fine of not more than $250,000, or both such imprisonment and fine. The Court also may impose a period of supervised release of not more than three years.

(iv)   **Count Four:** imprisonment of not less than ten (10) years, but not more than life, consecutive to any other sentence imposed; a fine of not more than $250,000; or both such imprisonment and fine. The Court also may impose a period of supervised release of not more than five years. **The Defendant fully understands that the crime to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of ten (10) years consecutive to any other sentence imposed.**

6.   **U. S. SENTENCING GUIDELINES:** The defendant understands that this offense is affected by the U. S. Sentencing Guidelines and the actual sentencing range is determined by

both

the Total Offense Level and the Criminal History Category. The parties agree that he following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

A.   **Offense Conduct:**

6

## COUNTS ONE AND THREE
### CARJACKING

(i)  **Chapter 2 Offense Conduct:**

(a)  **Base Offense Level (Counts One and Three):** The parties agree that the Base Offense Level is 20, as found in Section 2B3.1(a).

(b)  **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

(i) **As to Counts One and Three:** 2 levels should be added pursuant to Section 2B3.1(b)(5) because the offense involved carjacking.

(ii) **As to Count One only:** 1 level should be added pursuant to Section 2B3.1(b)(6) because a firearm was taken.

(ii) **As to Count Three only:** 4 levels should be added pursuant to Section 2B3.1(b)(3)(B) because serious bodily injury was inflicted upon one or more persons.

(ii)  **Chapter 3 and 4 Adjustments:**

(a)  **Acceptance of Responsibility (as to Counts One and Three):** The parties recommend that two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because Defendant has clearly demonstrated acceptance of responsibility.  If the deduction pursuant to Sentencing Guidelines Section 3E1.1(a) is applied, then the United States moves to deduct one additional level pursuant to Sentencing Guidelines Section 3E1.1(b)(2), because Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

he parties agree that if Defendant does not abide by all of the agreements made within

7

this document, Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. The parties further agree that Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1. In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

**COUNTS TWO AND FOUR**
**BRANDISHING (Count Two) and DISCHARGING (Count Four) A FIREARM IN FURTHERANCE OF CARJACKING**

**(i)    Chapter 2 Offense Conduct:**

        **(a)    Base Offense Level:** The parties agree that the Base Offense Level is found in Section 2K2.4(b).

        **(b)    Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply: none known at this time.

        **(ii)    Chapters 3 and 4 Adjustments (Counts Two and Four):** Pursuant to Section 2K2.4(b) and Application Note 5, Chapters Three and Four do not apply. Therefore, as to Count Two and Four, Defendant is not entitled to an acceptance of responsibility reduction under Section 3E1.1.

        **B.    Estimated Total Offense Level:**    Based on these recommendations, the parties estimate that the Total Offense Levels are as follows:

        **(i)    Count One:** The parties agree that the Total Offense Level for Count One

8

is 20.

     **(ii)**   **Count Two:**  The parties agree that with respect to Count Two, the Defendant will receive a mandatory minimum sentence of 84 months (7 years), which will run consecutively to any other sentence Defendant may receive.

     **(iii)**   **Count Three**: The parties agree that because Counts One and Three do not group under Section 3D1.2, and that two additional levels should be added to the total offense level for Count Three pursuant to Section 3D1.4.  As a result, the parties agree that the Total Offense Level for Count Three is 25.

     **(iii)**   **Count Four:**  The parties agree that with respect to Count Four, the Defendant will receive a mandatory minimum sentence of 120 months (10 years), which will run consecutively to any other sentence Defendant may receive.

     **C.**   **Joint Recommendation:**  Regardless of the total offense level(s) calculated, the parties jointly recommend that, based upon the unique facts and circumstances of this matter and in exchange for the United States' agreement that no further federal prosecution will be brought in this District relative to Defendant's violations of federal law, known to the United States at this time, arising out of the events set forth in the Superseding Information; Defendant's sentence should be a total of 25 years imprisonment; that is, 96 months (8 years) imprisonment on **Counts One and Three**; and 84 months (7 years) imprisonment on **Count Two**, which will run consecutively to all other sentences; and 120 months (10 years) **on Count Four**, which will run consecutively to all other sentences for a total overall sentence of 25 years imprisonment.

     c.   **Criminal History:**  The determination of the defendant's Criminal History Category shall be left to the Court.  Either party may challenge, before and at sentencing, the

9



finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

     **d.**     <u>**Effect of Parties' U.S. Sentencing Guidelines Analysis:**</u> Under the unique circumstances of this case and in exchange for the United States' agreement not to pursue additional charges arising out of the events set forth in the Superseding Information, the parties agree and respectfully recommend that Defendant be sentenced to a term of ~~18~~ years imprisonment, regardless of the ultimate guidelines range determined by the Court.

     The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7.**     <u>**WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**</u>

     **a.**     <u>**Appeal:**</u> The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

     (1)     <u>**Non-Sentencing Issues:**</u> The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

     (2)     <u>**Sentencing Issues**</u>: Both parties waive all appellate rights related to sentencing.

     **b.**     <u>**Habeas Corpus:**</u> The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective

10



assistance of counsel.

    **c.**    **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.**    **OTHER:**

    **a.**    **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

    **b.**    **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, or administrative action against the defendant.

    **c.**    **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

    **d.**    **Mandatory Special Assessment:** Pursuant to Title 18, United States Code,

Section 3013, the Court is required to impose a mandatory special assessment of $100 per count, for a total of $400, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

      **e.**    <u>**Fines, Restitution and Costs of Incarceration and Supervision:**</u>  The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the superseding information.

      **f.**    <u>**Forfeiture:**</u>  The defendant agrees to forfeit all of the defendant's interest in all items seized by law-enforcement officials during the course of their investigation. The defendant admits that all United States currency, weapons, property and assets seized by law enforcement officials during their investigation constitute the proceeds of the defendant's illegal activity, were commingled with illegal proceeds or were used to facilitate the illegal activity. The defendant agrees to execute any documents and take all steps needed to transfer title or ownership of said items to the government and to rebut the claims of nominees and/or alleged third party owners. The defendant further agrees that said items may be disposed of by law enforcement officials in any manner.

**9.**    <u>**ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**</u>

12

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined

13



by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory.

**10.    VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

**11.    CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**12.    NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the Defendant

14



understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the United States agrees not to bring.

8-24-21

8-23-21
_____
Date

8-20-2021
_____
Date

8-23-2021
_____
Date

8-24-2021

MICHAEL A. REILLY
Assistant United States Attorney

DAVID CURTIS PRESIDENT
Defendant

TALMAGE E. NEWTON, IV
Attorney for Defendant

15